John W. Dillon (CA Bar No. 296788)
Dillon Law Group APC
2647 Gateway Road
Suite 105, No. 255
Carlsbad, California 92009
(760) 642-7150
jdillon@dillonlawgp.com

Chad Flores (TX Bar. No 24059769)
Flores Law PLLC
917 Franklin Street
Suite 600
Houston, Texas 77002
(713) 364-6640
cf@chadflores.law

Attorneys for Defendants

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| THE PEOPLE OF THE STATE OF CALIFORNIA,<br><br>                 Plaintiffs,<br><br>v.<br><br>COAST RUNNER INDUSTRIES, INC., GHOST GUNNER, INC., and DEFENSE DISTRIBUTED,<br><br>                 Defendants. | Case No. 3:24-cv-00971<br><br>**Memorandum of Points and Authorities in Support of Defendants' Motion to Dismiss**<br><br>Date: October 17, 2024<br><br>Time: 2:00 pm<br><br>Judge: Hon. Anthony J. Battaglia<br>Mag. Judge: Hon. Steve B. Chu<br>Courtroom 4A |

# Table of Contents

Table of Contents ................................................................................................ ii

Table of Authorities ........................................................................................... iii

Motion to Transfer ..............................................................................................1

I.     The Court should transfer this action to the Western District of Texas...........1

     A.     This action might have been brought in Texas. ...................................2

     B.     Transfer serves the convenience of parties and witnesses and the interest of justice....................................................................................3

          1.     Texas has better access to proof (the machines themselves)......3

          2.     Texas has better costs for attendance of willing witnesses. .......5

          3.     Texas has less court congestion....................................................6

          4.     Texas has the predominant local interest....................................6

          5.     Texas courts know the governing law best..................................7

     C.     Transfer serves the interests of justice, especially since Plaintiffs could not have sued here in the first instance. ....................................8

     D.     Forum selection clauses require transfer to Texas.............................11

Conclusion.........................................................................................................13

**Table of Authorities**

**Cases**

*In re Apple Inc.*,
   979 F.3d 1332 (Fed. Cir. 2020)..................................................................6, 7

*Decker Coal Co. v. Commonwealth Edison Co.*,
   805 F.2d 834 (9th Cir. 1986)........................................................................1

*Defense Distributed v. Bruck*,
   30 F.4th 414 (5th Cir. 2022) .....................................................................6, 7

*Defense Distributed v. Grewal*,
   971 F.3d 485 (5th Cir. 2020)........................................................................7

*Defense Distributed v. Platkin*,
   48 F.4th 607 (5th Cir. 2022) ........................................................................7

*Defense Distributed v. Platkin*,
   55 F.4th 86 (5th Cir. 2022) ......................................................................7, 8

*Def. Distributed v. United States Dep't of State*,
   838 F.3d 451 (5th Cir. 2016).........................................................................7

*Def. Distributed v. United States Dep't of State*,
   947 F.3d 870 (5th Cir. 2020).........................................................................7

*Jones v. GNC Franchising, Inc.*,
   211 F.3d 495 (9th Cir. 2000)................................................................*passim*

*Nguyen v. Barnes & Noble Inc.*,
   763 F.3d 1171 (9th Cir. 2014)....................................................................12

*Scott v. Airstream, Inc.* No. 23-CV-01808-AJB-MSB,
   2024 WL 1122439 (S.D. Cal. Feb. 7, 2024) .........................................11, 12

*Sec. & Exch. Comm'n v. RMR Asset Mgmt. Co.*, ...........................No. 18-CV-1895
   2020 WL 2522083 (S.D. Cal. May 18, 2020)................................................8

*Stewart Org., Inc. v. Ricoh Corp.*,
      487 U.S. 22 (1988). ................................................................................. 3

**Statutes**

28 U.S.C. § 1391 .................................................................................2, 9, 10

28 U.S.C. § 1404 .................................................................................*passim*

**Secondary Authorities**

Administrative Office of the U.S. Courts,
      Federal Court Management Statistics–Profiles (Dec. 31, 2023).....................6

Charles A. Wright & Arthur R. Miller et al.,
      Federal Practice & Procedure: Jurisdiction & Related Matters
      (West 2023).......................................................................................*passim*

Defendant's Memorandum of Points and Authorities in Support of
Defendants' Motion to Transfer

**Motion to Transfer**

**I.      The Court should transfer this action to the Western District of Texas.**

Defendants move to transfer this action to the United States District Court for the Western District of Texas, Austin Division, pursuant to 28 U.S.C. § 1404: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a); *see generally* 15 Charles A. Wright & Arthur R. Miller et al., Federal Practice & Procedure: Jurisdiction & Related Matters §§ 3841–3855 (West 2023) (hereinafter Wright & Miller). "As part of this inquiry, the court should consider private and public interest factors affecting the convenience of the forum*." Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986).

Here, the Section 1404(a) inquiry warrants transfer because this action could have been brought in the Western District of Texas, because all pertinent private and public factors show the Western District of Texas to be the more convenient venue, and because transfer there serves the interests of justice. The case is *not* about anything that the Defendants did in California, as *not even one Coast Runner has ever been shipped into this Court's jurisdiction*. It is about what the Defendants supposedly *plan to do* from their principal places of business *in Texas*. Given that the action's center of gravity is clearly in Texas, the case itself should be there too.

**A.  This action might have been brought in Texas.**

Section 1404(a) gives the Court the authority to transfer this action to "any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The Western District of Texas clearly meets that test on two independent grounds

First, this suit might have been brought in the Western District of Texas under 28 U.S.C. § 1391(b)(1): "A civil action may be brought in . . . a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located."  28 U.S.C. § 1391(b)(1).  That is so here because the complaint acknowledges that all Defendants reside in Austin.  *See* Doc. 1-8 at 6-7; *see also* 28 U.S.C. § 1391(c)(2) ("[A]n entity with the capacity to sue and be sued in its common name under applicable law, whether or not incorporated, shall be deemed to reside, if a defendant, in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question.").

Second, this suit might have been brought in the Western District of Texas's Austin Division under 28 U.S.C. § 1391(b)(2): "A civil action may be brought in . . . a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated." 28 U.S.C. § 1391(b)(2).  That is so here because Austin is where many of the operative business operations in question occurred, especially those cited at Defense Distributed's headquarters there.  *See* Doc. 1-8 at 6-7.

**B. Transfer serves the convenience of parties and witnesses and the interest of justice.**

Given that this action "might have been brought" in the Western District of Texas, the Section 1404(a) transfer test then asks whether transferring there serves the convenience of parties and witnesses and the interest of justice. *See* Wright & Miller § 3847. This inquiry "calls on the district court to weigh in the balance a number of case-specific factors." *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988). The analysis is "flexible and individualized," *id.*, accounting for a wide variety of private and public factors, *see, e.g.*, *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498–99 (9th Cir. 2000).

Here, all or nearly all of the pertinent factors—both private and public—favor transferring this action to the Western District of Texas. A few factors are inapposite and cut neither way. No major driving factor opposes transfer. The Court should therefore conclude that transferring this case to the Western District of Texas serves both the convenience of parties and witnesses and the interest of justice.

**1. Texas has better access to proof (the machines themselves).**

Ease of access to sources of proof is a key private factor. *See, e.g.*, *Jones*, 211 F.3d at 498 ; Wright & Miller §§ 3847, 3849, 3851, 3853. It strongly favors transfer because the Western District of Texas has far better access to this action's operative proof than does the Southern District of California. In particular, this is true as to the action's three most critical categories of evidence.

First, the Western District of Texas has optimal access to proof about the CNC milling machines in question—the so-called "Ghost Gunner" and "Coast Runner." More than anything else, the complaint cares about how they were intended to work and how they actually work. *See, e.g.*, Doc. 1-8 at 18, ¶ 47 (pleading their "specifications," including "weight, total cutting volume, total working volume, max acceleration, operating temperature, storage temperature, spindle cutting power, and spindle rotations-per-minute"). These allegations are not at all extraneous. They are operative for both claims. The first claim turns on allegations about whether the two machines in question are operationally "identical in everything but name" and "share the exact same technical specifications." Doc. 1-8 at 25, ¶ 68. The second turns on allegations about the "sole or primary function" that these machines were "designed with." Doc. 1-8 at 27, ¶ 80.

The key proof about how these machines work lies in the Western District of Texas, since that is where both of the businesses in question have their primary place of business. *See* Doc. 1-8 at 6-7; Ex. 1 at 1. If for example the case is to involve an examination of the Ghost Gunner and/or Cost Runner machines, it makes no sense whatsoever for Defendants to be flying exemplary units from Texas to California and back. And to the extent that the case involves demonstrations (to juries or experts) of how those machines might be used to produce a firearm, that too is an exercise best done at the respective business's location—not in any faraway locale.

Second, the Western District of Texas has optimal access to proof about the Texas company defendants' corporate identities. Their supposed "alter ego" status is a core complaint allegation upon which both causes of action rest. *See, e.g.*, Doc. 1-8 at 4, ¶ 6; *id.* at 10, ¶ 30. None of this evidence lies anywhere in California. Instead, all of the key proof about how these businesses relate to each other lies in the Western District of Texas, the principal place of business for both Coast Runner Industries, Inc. and Defense Distributed, *see* Doc. 1-8 at 6-7; Ex. 1 at 1.

### 2. Texas has better costs for attendance of willing witnesses.

The cost of obtaining attendance of willing witnesses is a key private factor. *See, e.g.*, *Jones*, 211 F.3d at 498; Wright & Miller §§ 3847, 3849, 3851. It strongly favors transfer because the cost for obtaining attendance of willing witnesses in the Western District of Texas is far lower than the cost of doing so in the Southern District of California. In particular, the most important willing witnesses—those in charge of operations at the businesses in question[1]—reside in the Western District of Texas and would be substantially burdened by the requirement of having to litigate this matter in the Southern District of California. *See* Ex. 1 at 1.

---

[1] With respect to Defense Distributed, the willing witness in question is Cody Wilson, who the complaint puts at issue repeatedly. *See* Doc. 1-8 at 6, 7, 8-13.

### 3. Texas has less court congestion.

Administrative difficulties flowing from court congestion are a key public factor. *See, e.g.*, *Jones*, 211 F.3d at 498; Wright & Miller § 3847, 3854. This factor favors transfer because the Western District of Texas has a lighter workload than this Court. Whereas this Court's latest median time from civil filing to trial is 40.2 months, that same time in the Western District of Texas is *over a year faster* at 28.3 months. *See* Administrative Office of the U.S. Courts, Federal Court Management Statistics–Profiles at 37, 69 (Dec. 31, 2023), *available at* https://bit.ly/3VJaYx6.

### 4. Texas has the predominant local interest.

The local interest in having localized controversies decided at home is a key public factor. *See, e.g.*, *Jones*, 211 F.3d at 498; Wright & Miller § 3847, 3854. It strongly favors transfer because this case's controversy is localized in Texas.

Just as in *Defense Distributed v. Bruck*, 30 F.4th 414, 435 (5th Cir. 2022), "Texas's 'local interest in having [the] localized interests' this case implicates 'decided at home' cannot be overstated." *Id.* This factor "most notably regards not merely the parties' significant connections to each forum writ large, but rather the significant connections between a particular venue *and the events that gave rise to a suit*." *In re Apple Inc.*, 979 F.3d 1332, 1345 (Fed. Cir. 2020). Under *Bruck*'s correct line of reasoning, this action's true center of gravity is in Texas—the state where every key event that Plaintiffs want to stop occurs.

Of course the Plaintiffs will say that this factor favors California because California laws are being invoked. But that was just as true in *Bruck* and rightly deemed insufficient. Since the inquiry focuses on the "events that gave rise to a suit," *id.*, transfer decisions like *Bruck* rightly realize that the overriding local interest belongs not to the state of the aggressor official, but to the state of the citizens that stand to have their constitutional rights trampled. *See Bruck*, 30 F.4th 414 ("In these circumstances, the aggressor state's interest is considerably diminished . . . .").

### 5. Texas courts know the governing law best.

Familiarity with governing law is a key public factor. *See, e.g.*, *Jones*, 211 F.3d at 498; Wright & Miller § 3847, 3854. It strongly favors transfer because Texas courts are most familiar with the Texas law governing questions of "alter ego" status, which the complaint invokes in its attempt to make Defense Distributed responsible for everything done by Coast Runner. *See* Doc. 1-8 at 4, ¶ 6; *id.* at 10, ¶ 30.

This factor also favors Texas because the Western District of Texas has already adjudicated several important actions regarding Defense Distributed's First and Second Amendment rights. *See Def. Distributed v. United States Dep't of State*, 838 F.3d 451 (5th Cir. 2016); *Def. Distributed v. United States Dep't of State*, 947 F.3d 870 (5th Cir. 2020); *Defense Distributed v. Grewal*, 971 F.3d 485 (5th Cir. 2020); *Defense Distributed v. Bruck*, 30 F.4th 414 (5th Cir. 2022); *Defense Distributed v. Platkin*, 48 F.4th 607 (5th Cir. 2022); *Defense Distributed v. Platkin*,

Defendant's Memorandum of Points and Authorities in Support of Defendants' Motion to Transfer

55 F.4th 86 (5th Cir. 2022). These include actions pertaining to the "CNC mill marketed as the Ghost Gunner, as well as metal 80% lower receivers." *Defense Distributed*, 838 F.3d at 455.

### C. Transfer serves the interests of justice, especially since Plaintiffs could not have sued here in the first instance.

If the Plaintiffs had sued the Defendants in this Court originally, venue would have been "improper" because none of the § 1391(b) conditions exist, and the Defendants would have obtained a mandatory dismissal under Rule 12(b)(3). But because the Plaintiffs opted to start this action in a state court, the Defendants had no choice but to remove it to this Court instead of Texas. *See* Wright & Miller § 3806. So even though venue here is not technically "improper" under Rule 12(b), the Court should still account for that impropriety in its Section 1404 analysis of the interests of justice. As Wright & Miller properly explain, the plaintiffs' choice is entitled to "little" weight where, as here, "the plaintiff filed suit in a state court and the case is in federal court only because the defendant removed it." Wright & Miller § 3848; *see also Sec. & Exch. Comm'n v. RMR Asset Mgmt. Co.*, No. 18-CV-1895-AJB-LL, 2020 WL 2522083, at *2 (S.D. Cal. May 18, 2020) ("in cases where a plaintiff's choice of forum lacks a significant connection to the transactions giving rise to the plaintiff's claims, a plaintiff's choice of forum is entitled to less weight"). This is a case in point because Plaintiffs clearly could not have sued here in the first instance.

Section 1391(b)(**1**) provides for venue in "a judicial district in which any defendant resides." 28 U.S.C. § 1391(b)(1). But the complaint does *not* allege that any defendant resides in San Diego. Instead, the complaint pleads that all Defendants reside in Texas. Doc. 1-8 at 6-7. Section 1391(b)(1) therefore could not possibly establish San Diego as a proper venue.

Section 1391(b)(**2**) provides for venue in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated." 28 U.S.C. § 1391(b)(2). But the complaint does *not* allege that any such events occurred in San Diego, or that any such property is in San Diego. In particular, the complaint does not allege that any defendant ever sold a Coast Runner CNC machine to someone in San Diego. Such deliveries are the "events or omissions giving rise to the claim" § 1391(b)(1). Yet the complaint *never* alleges that even one single machine was sold a person in San Diego.

Complaint paragraphs 18 and 36 give the only San Diego-specific allegations. Doc. 01-08 at 8, 29. They allege that this case belongs in a San Diego venue because of a contractual arbitration provision mentioning San Diego: "Defendants have specifically targeted their illegal Coast Runner product to the San Diego market, for instance, by including an arbitration provision in the Coast Runner's Terms &

Conditions specifying that any arbitration 'will take place in San Diego, California."
Doc. 01-08 at 8; *accord id.* at 29.

These allegations do not make San Diego a proper venue for two reasons. First, the alleged inclusion of arbitration provisions does not make San Diego a proper venue because those events are *not* "events or omissions giving rise to the claim." § 1391(b)(1). The case's two claims care only about the Coast Runner's alleged firearm-making capabilities—not about any transactional fine print like arbitration clauses. Doc. 1-8 at 24-28. Second, the alleged inclusion of arbitration provisions does not make San Diego a proper venue because those events cannot be said to have "occurred" in San Diego. The alleged decision occurred only in Texas where the Defendants do business. *See* Doc. 01-08 at 8, 29. The complaint does not allege that any contract-formation decision ever actually happened in San Diego, let alone any actual dispute or arbitration about it. Section 1391(b)(2) therefore could not possibly establish San Diego as a proper venue.

Section 1391(b)(**3**) provides for provides for venue in "any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action," but only "if there is no district in which an action may otherwise be brought as provided in this section." § 1391(b)(3). It does not apply here because there very much *is* a district in which an action otherwise could be brought—the district that this case should be transferred to now: the Western District of Texas.

Defendant's Memorandum of Points and Authorities in Support of
Defendants' Motion to Transfer

**D. Forum selection clauses require transfer to Texas.**

Independently of the foregoing Section 1404(a) analysis, "an action may also be transferred under § 1404(a) where the parties have previously entered into an agreement that includes a valid forum-selection clause." *Scott v. Airstream*, Inc., No. 23-CV-01808-AJB-MSB, 2024 WL 1122439, at *1 (S.D. Cal. Feb. 7, 2024). "Consequently, when evaluating a § 1404(a) motion based on a forum-selection clause, a court should transfer the case to the forum specified in the clause, unless extraordinary circumstances exist which are unrelated to the convenience of the parties." *Id.* The applicable rules are well-established:

> Typically, when venue is proper in both the original and the proposed districts, a motion to transfer venue under § 1404(a) requires the court to weigh multiple factors to determine whether transfer is appropriate. However, when a district court is evaluating a defendant's § 1404(a) motion to transfer based on a valid forum-selection clause, the analysis changes in three ways. First, the court should give no weight to the plaintiff's choice of forum. Rather, as the party arguing against the forum-selection clause, the plaintiff bears the burden of showing why transfer to the bargained forum is unwarranted. Second, the district court "should not consider arguments about the parties' private interests[,]" such as ease of access to sources of proof, the cost of obtaining attendance of willing witnesses, et cetera. The court need only consider arguments about public-interest factors, though even these factors will "rarely defeat a transfer motion" when the parties have agreed to a forum-selection clause. Third, though transfers under § 1404(a) usually carry with them the original venue's choice-of-law rules, the "transferee court" specified in a forum-selection clause need not apply the law of the original venue in which the plaintiff filed suit upon transfer.

*Id.* (citations omitted); *accord* Wright & Miller § 3848 & n.41.

Here, a forum selection clause requires transfer because Plaintiffs made two contractual agreements that entail forum-selection clauses choosing Texas: (1) the Coast Runner website's Terms of Use, which call for "any dispute or claim arising therefrom or related thereto" to be brought in "exclusively in the federal courts of the United States or the courts of the State of Texas, in each case located in the City of Austin, Travis County, Texas,"[2] and (2) (1) the Defense Distributed website's Terms of Use, which utilize a similar forum-selection clause picking Texas, Ex. B at 1-2, § 6.[3]  Since "the parties have previously agreed by contract for a specific federal district to hear their disputes, § 1404(a) facilitates enforcement of the forum-selection clause by transfer to the agreed-upon venue." *Scott*, 2024 WL 1122439, at *1; *accord* Wright & Miller § 3848 & n.41.

---

[2] *See* Doc. 1-8 at 15 n.34 (complaint directing the Court to the Coast Runner website's Terms of Use).

[3] Plaintiffs' actual knowledge and acceptance of the Coast Runner website's Terms of Use is established by the complaint, which expressly studies the Coast Runner website's Terms of Use in detail and invokes the Coast Runner website's Terms of Use as binding contractual provisions.  Doc. 1-8 at 15, ¶ 41.  This makes the contract's enforceability clear. *See Nguyen v. Barnes & Noble Inc.*, 763 F.3d 1171, 1176 (9th Cir. 2014) ("courts have consistently enforced browsewrap agreements where the user had actual notice of the agreement").

Defendant's Memorandum of Points and Authorities in Support of
Defendants' Motion to Transfer

**Conclusion**

The Court should grant the motion and issue an order transferring this action to the United States District Court for the Western District of Texas, Austin Division.

June 17, 2024

Respectfully submitted,

Flores Law PLLC

Attorneys for Defendants

By: /s/ Chad Flores
       Chad Flores