Claudia G. Silva, County Counsel (SBN 167868)
By: John P. Cooley, Chief Deputy (SBN 162955)
Office of County Counsel, County of San Diego
1600 Pacific Highway, Room 355
San Diego, California 92101-2469
Telephone: (619) 531-4860
Email: john.cooley@sdcounty.ca.gov

*Attorneys for Plaintiff, THE PEOPLE OF THE STATE OF CALIFORNIA, acting by and through the County of San Diego*

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE OF THE STATE OF CALIFORNIA, <br><br> Plaintiff, <br><br> v. <br><br> COAST RUNNER INDUSTRIES, INC., GHOST GUNNER, INC., and DEFENSE DISTRIBUTED, <br><br> Defendants. | Case No. 3:24-cv-00971-AJB-SBC <br><br> **PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF *EX PARTE* MOTION TO STAY BRIEFING ON DEFENDANTS' MOTION TO TRANSFER AND MOTION TO DISMISS PENDING RESOLUTION OF PLAINTIFF'S MOTION TO REMAND** |

SULLIVAN &
CROMWELL LLP

24-CV-00971-AJB-SBC

## TABLE OF CONTENTS

**Page**

I. INTRODUCTION ....................................................................................................... 1

II. THE COURT SHOULD STAY BRIEFING ON DEFENDANTS'
MOTIONS WHILE IT DECIDES THE THRESHOLD ISSUE OF
SUBJECT MATTER JURISDICTION ........................................................................ 2

III. CONCLUSION ......................................................................................................... 4

SULLIVAN &
CROMWELL LLP

24-CV-00971-AJB-SBC

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Cnty. of San Mateo* v. *Monsanto Co.*,
644 F. Supp. 3d 566 (N.D. Cal. 2022)..................................................................................2

*Harris* v. *Parisian*,
2007 WL 1140657 (D. Mont. Apr. 16, 2007)......................................................................3

*Jamul Action Comm.* v. *Chaudhuri*,
2016 WL 9819561 (E.D. Cal. Mar. 3, 2016)......................................................................3

*California ex rel. McColgan* v. *Bruce*,
129 F.2d 421 (9th Cir. 1942) ..............................................................................................2

*Moor* v. *Alameda Cnty.*,
411 U.S. 693 (1973)............................................................................................................2

*Nevada* v. *Bank of Am. Corp.*,
672 F.3d 661 (9th Cir. 2012) ..............................................................................................2

*Roshan* v. *McCauley*,
2024 WL 420706 (N.D. Cal. Feb. 5, 2024) ........................................................................2

*Sinochem Int'l Co.* v. *Malaysia Int'l Shipping Corp.*,
549 U.S. 422 (2007).......................................................................................................2, 3

*Yong* v. *I.N.S.*,
208 F.3d 1116 (9th Cir. 2000) ............................................................................................2

*Zhang* v. *Dahua Tech., USA, Inc.*,
2022 WL 17418621 (C.D. Cal. Dec. 5, 2022).....................................................................2

**Statutes**

Cal. Civ. Code § 3273.62..........................................................................................................1

Cal. Civ. Code § 3273.62(d) .....................................................................................................2

S.D. Cal. Civ. L.R. 7.1(e)(1).....................................................................................................4

## I.      INTRODUCTION

Plaintiff the People of the State of California ("The People"), by and through County Counsel for the County of San Diego, requests that the Court stay briefing on Defendants Coast Runner Industries, Inc. ("Coast Runner"), Ghost Gunner, Inc. ("Ghost Gunner"), and Defense Distributed's (collectively, "Defendants") Motion to Transfer (ECF No. 5) and Motion to Dismiss (ECF No. 6) pending the resolution of Plaintiff's Motion to Remand (ECF No. 10).  Staying briefing on Defendants' motions will avoid unnecessary effort by the Court and the parties, as the Court lacks subject matter jurisdiction over this case and Defendants' motions.

The People properly initiated this action in Superior Court for the County of San Diego on May 2, 2024.  The complaint alleges that Defendants are selling and marketing a CNC milling machine called the "Coast Runner" in violation of California Civil Code § 3273.62.  (ECF No. 1-8 at ¶¶ 64-74.)  As alleged in the complaint, Defendants have sold for years a CNC mill called the "Ghost Gunner," and have now rebranded the same machine as the "Coast Runner" in a thinly veiled attempt to evade California law.  (*Id.* at ¶¶ 1-6.)  The complaint also alleges that Defendants' conduct constitutes unfair and unlawful business practices under California's Unfair Competition Law.  (*Id.* at ¶¶ 75-86.)

On June 3, Defendants removed the action to federal court on the purported basis of diversity jurisdiction, baldly asserting without any explanation that the real party in interest is not the People, but instead one of Plaintiff's co-counsel, Giffords Law Center to Prevent Gun Violence.  (ECF No. 1.)  As explained in the People's Motion to Remand, removal of this case was entirely meritless.  The People, not their counsel, are the real party in interest because they have a substantial interest in the case and are acting pursuant to their statutory authority.  (ECF No. 10-1 at 3-5.)  The relief the People seek—which includes (a) civil penalties that will inure to the State and (b) an order enjoining further sales of "Coast Runner" mills that will protect California citizens from ghost guns—represents a specific, concrete, and substantial interest of California alone.  (ECF No. 10-1 at 5.)  Moreover, California Civil Code § 3273.62 specifically authorizes "county counsel" to "bring an

action" seeking civil penalties and injunctive relief "[i]n the name of the people of the State of California." Cal. Civ. Code § 3273.62(d); *see Nevada* v. *Bank of Am. Corp.*, 672 F.3d 661, 670 (9th Cir. 2012) (finding that state was real party in interest where state's attorney general was acting pursuant to statutory authority). Because the People are the real party in interest, there is no diversity of citizenship here. "There is no question that a State is not a 'citizen' for purposes of the diversity jurisdiction." *Moor* v. *Alameda Cnty.*, 411 U.S. 693, 717 (1973); *California ex rel. McColgan* v. *Bruce*, 129 F.2d 421, 423 (9th Cir. 1942) ("A state . . . is not a citizen of itself or of any other state."); *Cnty. of San Mateo* v. *Monsanto Co.*, 644 F. Supp. 3d 566, 570 (N.D. Cal. 2022) ("[D]iversity jurisdiction is lacking . . . if the state is a real-party-in-interest to the suit.").

On June 17, ignoring the lack of jurisdiction, Defendants filed motions to improperly transfer this case (about California state law) to the United States District Court for the Western District of Texas, or to dismiss. (*See* ECF Nos. 5 and 6). The Court has set identical briefing schedules for Defendants' Motion to Transfer and Motion to Dismiss, as well as Plaintiff's Motion to Remand.

## II. THE COURT SHOULD STAY BRIEFING ON DEFENDANTS' MOTIONS WHILE IT DECIDES THE THRESHOLD ISSUE OF SUBJECT MATTER JURISDICTION

The Court should exercise its discretion to stay briefing on Defendants' motions pending the resolution of the People's Motion to Remand. *Yong* v. *I.N.S.*, 208 F.3d 1116, 1119 (9th Cir. 2000) ("[A] trial court has the inherent authority to control its own docket and calendar."). Staying briefing on Defendants' motions is logical because "a federal court generally may not rule on the merits of a case without first determining that it has jurisdiction." *Sinochem Int'l Co.* v. *Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 430–31 (2007); *see also Zhang* v. *Dahua Tech., USA, Inc.*, 2022 WL 17418621, at *3 (C.D. Cal. Dec. 5, 2022) (subject matter jurisdiction is a "threshold requirement" that "springs from the nature and limits of the judicial power of the United States and is inflexible and without exception" (cleaned up)); *Roshan* v. *McCauley*, 2024 WL 420706, at *2 (N.D. Cal. Feb. 5,

///

-2-

2024) ("Subject matter jurisdiction is a threshold issue that goes to the power of the court to hear the case, and it must exist at the time the action is commenced.").

Where the Court's jurisdiction is subject to dispute and potentially lacking, "[i]t is better first to ensure the court has jurisdiction over the substance of the case" before ruling on a potentially dispositive motion or a motion to transfer, as such rulings "may prove an exercise in futility." *See Jamul Action Comm.* v. *Chaudhuri*, 2016 WL 9819561, at *2 (E.D. Cal. Mar. 3, 2016). In *Jamul Action*, for example, defendants moved to dismiss plaintiffs' second amended complaint on various grounds, including lack of subject matter jurisdiction. *Id.* at *1. Before opposing the pending motions, plaintiffs moved for partial summary judgment, prompting defendants to move *ex parte* to stay briefing on the motion for summary judgment until the jurisdictional issues raised in their motions to dismiss were resolved. *Id.* at *2. The court granted the defendants' *ex parte* motion to stay briefing, concluding that such a stay was within its discretion and judicially efficient. *Id.*; *see also Harris* v. *Parisian*, 2007 WL 1140657, at *2 (D. Mont. Apr. 16, 2007) (staying proceedings to rule on jurisdictional challenges because doing so was likely to be "a better use of the Court's, counsels', and the litigants' time and resources, as the parties will not expend additional time or resources until the issue of jurisdiction has been decided").

Here, ruling on Plaintiff's Motion to Remand before requiring further briefing on Defendants' motions will conserve judicial resources by allowing the Court to first determine whether jurisdiction exists over this matter. Defendants' motions to transfer and to dismiss are just as meritless as their removal of this action, but the Court need not reach those issues when it lacks subject matter jurisdiction.[1] In light of the serious jurisdictional deficiencies described above and more fully in Plaintiff's Motion to Remand, it is in the interest of this Court, the parties, and the Superior Court for the County of San Diego to first expeditiously determine the appropriate forum for this action.

---

[1] This is not a case where subject matter jurisdiction is "difficult to determine." *See Sinochem Int'l Co.* v. *Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 436 (2007). Like in the "mine run of cases", determining subject matter jurisdiction here "will involve no arduous inquiry" and the Court should therefore "dispose of [that] issue first." *Id.* (quoting *Ruhrgas* v. *Marathon Oil Co.*, 546 U.S. 574, 587–88 (1999)).

## III.   CONCLUSION

For these reasons, the People respectfully request that briefing and any other proceedings on Defendants' Motion to Transfer and Motion to Dismiss be stayed until after the Court rules on Plaintiff's Motion to Remand.   As the People's oppositions to Defendants' lengthy motions (together totaling over 45 pages of argument) are due in approximately three weeks, the People ask that the Court consider this Motion to Stay on an expedited basis.   *See* S.D. Cal. Civ. L.R. 7.1(e)(1) (noting that Courts may shorten time for briefing on motions filed pursuant to Civ. L.R. 7.1).

Dated:  June 21, 2024

CLAUDIA G. SILVA, County Counsel

/s/ *John P. Cooley*

By: JOHN P. COOLEY, Chief Deputy (SBN 162955)
Office of County Counsel, County of San Diego
1600 Pacific Highway, Room 355
San Diego, California 92101-2469
Telephone:  (619) 531-4860
Facsimile:   (619) 531-6005
E-mail: john.cooley@sdcounty.ca.gov

ESTHER SANCHEZ-GOMEZ (SBN 330408)
E-mail:  esanchezgomez@giffords.org
GIFFORDS LAW CENTER TO PREVENT GUN VIOLENCE
268 Bush St. # 555
San Francisco, CA 94104
Telephone:  (415) 433-2062
Facsimile:   (415) 433-3357

ROBERT A. SACKS (SBN 150146)
E-mail:  sacksr@sullcrom.com
ALEXA M. COVER (SBN 317068)
E-mail:  covera@sullcrom.com
SULLIVAN & CROMWELL LLP
1888 Century Park East
Los Angeles, California 90067
Telephone:  (310) 712-6600
Facsimile:   (310) 712-8800

*Attorneys for Plaintiff, THE PEOPLE OF THE STATE OF CALIFORNIA, acting by and through the County of San Diego*

-4-

SULLIVAN & CROMWELL LLP

24-cv-00971-AJB-SBC