John W. Dillon (CA Bar No. 296788)
Dillon Law Group APC
2647 Gateway Road
Suite 105, No. 255
Carlsbad, California 92009
(760) 642-7150
jdillon@dillonlawgp.com

Chad Flores (TX Bar. No 24059769)
Flores Law PLLC
917 Franklin Street
Suite 600
Houston, Texas 77002
(713) 364-6640
cf@chadflores.law

Attorneys for Defendants

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| THE PEOPLE OF THE STATE OF CALIFORNIA,<br><br>Plaintiff,<br><br>v.<br><br>COAST RUNNER INDUSTRIES, INC., GHOST GUNNER, INC., and DEFENSE DISTRIBUTED,<br><br>Defendants. | No. 24-cv-0971-AJB-SBC<br><br>**Defendants' Response to Plaintiff's Motion to Remand** |

**Defendants' Response to Plaintiff's Motion to Remand**

**I.     The Court should deny the motion to remand.**

Well-established law governs Plaintiff's motion to remand.  *See generally* 14C Charles A. Wright & Arthur R. Miller et al., Federal Practice & Procedure: Jurisdiction & Related Matters § 3733 (West 2023) (hereinafter Wright & Miller). "As under Rule 12(b)(1), a plaintiff's motion to remand may raise either a facial attack or a factual attack on the defendant's jurisdictional allegations, triggering application of the rules discussed above for resolving such challenges." *Leite v. Crane Co.*, 749 F.3d 1117, 1122 (9th Cir. 2014).  Plaintiff's motion presents only a facial attack testing the pleaded basis for subject-matter jurisdiction.  The facial attack fails because Defendants' notice of removal sufficiently states the basis for diversity jurisdiction by both specifying the exact legal doctrine in question and its factual predicate.  The motion does *not* present a true factual attack testing the evidentiary support for subject-matter jurisdiction, and even if it did, it would fail because the factual attack is both premature and wrong.  Jurisdictional discovery is warranted because compelling evidence already shows that this case is being brought by and for the benefit of Giffords, the anti-gun group that has been litigating against Defense Distributed and its founder in case after case for years.  The Court should therefore (1) deny the facial attack immediately, or (2) deny the factual attack either as wholly premature or after permitting jurisdictional discovery and further briefing.

### A. The facial challenge should be rejected immediately.

As a facial challenge, the motion argues that Defendants failed to sufficiently plead the basis for subject-matter jurisdiction. Doc. 10-1 at 3. The facial challenge fails because the notice of removal supplies all that is required. The bar is low—just a "short and plain" statement of jurisdiction's basis is required—and the notice of removal meets it with ease. The Court should thus reject this challenge immediately.

#### 1. The notice of removal's pleadings suffice.

A notice of removal's jurisdictional allegations need *not* meet any heightened pleading requirements. *See* Wright & Miller § 3733. A former version of 28 U.S.C. § 1446(a) required "specific allegations as to the grounds upon which the federal court's subject-matter jurisdiction rested." *Id.* But the current version now tracks Rule 8's low bar and "requires only that the grounds for removal be stated in 'a short and plain statement.'" *Id.* Because of this, "detailed grounds for removal need not be set forth in the notice" and "the same liberal rules employed in testing the sufficiency of a pleading should apply to appraise the sufficiency of a defendant's notice of removal." *Id. Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81 (2014), upholds this construction and is rightly followed by plenty of modern Ninth Circuit precedent. *See, e.g.*, *Acad. of Country Music v. Cont'l Cas. Co.*, 991 F.3d 1059, 1060 (9th Cir. 2021) ("the fact that the party removing a case to a federal

district court has the burden of proving that the district court has jurisdiction does not mean that the notice of removal must in and of itself meet this burden").

Under this test, Defendants' notice of removal clearly suffices because it supplies the requisite "short and plain" statement of the basis for subject-matter jurisdiction. The jurisdictional "elements" are all that have to be pleaded, *see id.* at 1068-69, and this notice of removal does that and much more. Doc. 1 at 1. The notice clearly pleads which kind of subject-matter jurisdiction exists, specifying this to be a case of diversity jurisdiction under 28 U.S.C. § 1332. *Id.* It then pleads both of that jurisdictional provision's elements, specifying both that the requisite amount in controversy exists and that the requisite citizenship exists. *Id.* ("the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States"). The notice then goes beyond the "short and plain" statement of diversity jurisdiction's elements to supply even more detail. It supplies granular legal details by specifying that this is a case in which "[d]iversity of citizenship is determined vis-à-vis the action's real parties in interest according to the essential nature and effect of the proceeding as it will appear from an entire record" and invoking the two controlling Ninth Circuit authorities. *Id.* And it supplies granular factual details by specifying that "this action's real plaintiff in interest is the Giffords Law Center to Prevent Gun Violence, which is a citizen of

the State of California." *Id.* That statement of diversity jurisdiction's "elements" plus both granular legal details and granular factual details meets the test with ease.

The motion nonetheless says (at 3) that the notice of removal needed to start marshaling its proof and articulate with particularity "*why* or *how* Giffords Law Center is the real party in interest." But those demands run headlong into *Dart*, Wright & Miller, and the Ninth Circuit cases cited above. Just as a pleading need only state *that* the amount in controversy exceeds $75,000—not state or prove *why* or *how* that is so, *see* Wright & Miller § 3733; Dart Cherokee, 574 U.S. at 87; *Acad. of Country Music*, 991 F.3d at 1068-69, so too this notice of removal need only have stated *that* the real plaintiff in interest is the Giffords Law Center to Prevent Gun Violence—not state or prove why or how that is so, *see id.*

For these reasons, the notice of removal sufficiently pleads subject-matter jurisdiction. The Court should therefore reject the motion's facial attack.

**2. Alternative request for leave to amend.**

Alternatively, if the Court deems the notice of removal in need of more detailed jurisdictional allegations, the Court should grant the Defendants leave to amend the notice of removal to supply more detailed allegations about why and how Giffords Law Center is the real party in interest. The governing rule for this procedural posture is that a notice of removal can be amended to "set out more specifically the grounds for removal that already have been stated in the original

notice," including to "state the previously articulated grounds more fully." Wright & Miller § 3733 & nn.20-22 (citing *Emeldi v. Univ. of Oregon*, 698 F.3d 715, 731 (9th Cir. 2012)). If necessary here, the Defendants should be allowed to amend the notice of removal to assert more detailed allegations about why and how Giffords Law Center is the real party in interest, including but not limited to the facts addressed below concerning the nature of this case's litigating "partnership." Furthermore, leave to amend should also be granted because of the need for jurisdictional discovery established below. *See Youngevity Int'l, Inc. v. Innov8tive Nutrition, Inc.*, No. 23-55350, 2024 WL 838707 (9th Cir. Feb. 28, 2024) ("Given the possibility of additional information coming to light with jurisdictional discovery, we cannot say that amendment of the complaint would be futile.").

### B. The factual challenge should be rejected after discovery.

Apart from the facial challenge of pleading sufficiency, the motion alludes to a factual challenge contesting the truth of the Defendants' jurisdictional allegations. Doc. 10-1 at 3-6. But the motion is best taken as *not* actually pressing a factual challenge, since those are usually developed "by introducing evidence outside the pleadings." *Leite*, 749 F.3d at 1121, and this motion has no evidence whatsoever. The Court should therefore resolve only the motion's facial challenge and say nothing about the undeveloped factual challenge. *See, e.g.*, *Sabatini v. Price*, No. 17-CV-01597-AJB-JLB, 2018 WL 1172724, at *7 n.6 (S.D. Cal. Mar. 6, 2018) ("As

these arguments are still wholly undeveloped and unsupported, the Court will not take them into consideration . . . .").

Alternatively, if the Court considers the motion to have presented a real factual challenge, it should be rejected because of the need for discovery. The governing rules come by analogy from the Rule 12 and Rule 56 contexts, *see Leite v. Crane Co.*, 749 F.3d 1117, 1121-22 (9th Cir. 2014), which have always provided that summary resolution of fact disputes can occur only after adequate time for discovery, *see, e.g., Matter of York*, 78 F.4th 1074, 1089 (9th Cir. 2023). Yet here there has been no opportunity for discovery of any kind on any issue whatsoever. Summary resolution of any jurisdictional fact is therefore fundamentally premature.

More specifically, summary resolution of the action's disputed jurisdictional issues cannot occur at this stage because the Defendants are entitled to conduct jurisdictional discovery and supply briefing on the results thereof.

*Youngevity Int'l, Inc. v. Innov8tive Nutrition, Inc.*, No. 23-55350, 2024 WL 838707 (9th Cir. Feb. 28, 2024), is on all fours. It squarely upholds the right to jurisdictional discovery on analogous facts. Just like this case, *Youngevity* was about "jurisdictional discovery related to the possible alter ego or agency relationship" of named parties and nonparties, including agreements between the two entities. *Id.* at *2. The Court held that jurisdictional discovery must be allowed if it "might well demonstrate facts sufficient to constitute a basis for jurisdiction." *Id.* Here as well,

Defendants should be allowed to "take discovery into the relationship between the two [entities]" at issue. *Id.* Only after that jurisdictional discovery occurs can the Defendants be required to make a summary-judgment style showing of the disputed jurisdictional facts. At present, the motion's request for what amounts to a summary jurisdictional judgment should be rejected.

In this respect, the Defendants' theory of subject-matter jurisdiction is both perfectly plausible and already supported by significant evidence. The keystone issue is whether Giffords Law Center is a real party in interest for the action, which is determined by an examination of the essential nature and effect of the proceeding as it will appear from an entire record. *See* Doc. 1 at 1 (pleading this expressly). If so, jurisdiction exists notwithstanding the government's nominal status as plaintiff.[1] To meet their burden, Defendants posit that the government's role here is merely nominal and that Giffords is in fact the action's real party in interest—the only entity with a real and substantial stake in the matter pulling the strings. Proof of this includes the following, which discovery should be allowed to explore in full.

First, both Giffords Law Center and San Diego County have repeatedly admitted that the litigation of this case occurs in an operational "partnership" between the two. An attorney speaking for Giffords Law Center expressly admitted

---

[1] Under *Dep't of Fair Emp. & Hous. v. Lucent Techs.*, Inc., 642 F.3d 728, 737 (9th Cir. 2011), and *Nevada v. Bank of Am. Corp.*, 672 F.3d 661, 670 (9th Cir. 2012), a state government's presence in a lawsuit can defeat diversity jurisdiction only if the government "alone" is the real party in interest; if a diverse private entity is the real party in interest, the state entity's nominal status does not defeat jurisdiction.

that Giffords Law Center "partnered" with the government to bring this case. Ex. 1 at 1; Ex. 2 at 3. A member of San Diego County's Board of Supervisor's expressly admitted that the litigation of this case occurs in an operational "partnership." *Id.* at 2. San Diego County itself also expressly admitted that the County and Giffords have "partnered" on this lawsuit, and are operating the litigation "partnership" as "a direct result of a policy led and passed by San Diego County Supervisor Terra Lawson-Remer." Ex. 2 at 2; *accord* Ex. 3.

Express admissions of this kind are competent evidence and not hearsay. *See* Fed. R. Evid. 801(d)(2)(A); Wright & Miller § 6609. And of course, no matter how hard the Plaintiff tries to recast these admissions after the fact, they already have the evidentiary impact of creating a material fact issue. What kind of litigation partnership is being operated, and who has its control, benefits, burdens, etc.? Jurisdictional discovery will answer that by uncovering the best direct evidence of this partnership's nature. Already though, circumstantial evidence like litigating histories shows that the long-term enterprise of suing Defense Distributed out of existence in any possible case belongs to Giffords Law Center, with entities like San Diego County playing little more than a nominal role in this particular proceeding.

Specifically, proof shows that Giffords Law Center is engaged in a long-term litigation campaign that is expressly targeted against Defendant Defense and its founder Cody Wilson. *See* Ex. 1 at 1. Their press releases classify the instant case

as just one part of Giffords' "ongoing work," Ex. 1 at 1 ("part of GIFFORDS Law Center's ongoing work"), which spans many years of litigation against Defense Distributed in cases across the country. Giffords just got done suing Defense Distributed in another major case about so-called "ghost guns." Ex. 4. Giffords filed briefs against Defense Distributed in *Garland v. Vanderstok*, No. 23-852 (U.S.), and *VanDerStok v. Garland*, No. 23-10718 (5th Cir.). And they supported litigation against Defense Distributed's First Amendment rights as far back as 2018 in the Western District of Washington and other jurisdictions. Exs. 5, 6.[2]

Critically, the question presented now is *not* whether that evidence is enough standing alone to establish the key jurisdictional fact. At this stage of the case, the only question presented is whether there is enough proof to warrant at least some jurisdictional discovery, and clearly there is.

It is no answer for the Plaintiff to say that this jurisdictional position relies on a chain of reasoning with assumptions because precedent expressly allows for that. That has long been the rule for a defendant asserting an amount in controversy. They can most definitely "rely on 'a chain of reasoning that includes assumptions.'" *Arias v.*, 936 F.3d at 925 (quoting *Dart Cherokee*). The same rule applies to Defendants' instant assertion of "real party in interest" status.

---

[2] For its part, San Diego County has no real concrete stake in this litigation. They have not alleged—because they cannot allege—that any defendant ever sold a Coast Runner CNC machine to anyone in San Diego. That void shows that they lack any real and substantial interest in the action's requested retrospective relief.

Indeed, if this were a more standard business case, no one would bat an eye at the evidentiary conclusion. When the question turns on which of two entities is really pulling the strings, of course express admissions of an otherwise undisclosed "partnership" operation warrant at least some discovery. "There is no basis for a different result when our Second Amendment precedents are at stake." *Friedman v. City of Highland Park, Ill.*, 577 U.S. 1039 (2015) (Thomas, J., dissenting from the denial of certiorari). For these reasons, the Plaintiff's motion has not established a right to relief vis-à-vis any of the arguments regarding a factual attack.

In the final alternative, if the Court decides to grant the motion to remand, it should hold the decision in abeyance for 21 days to ensure that Defendants' do not lose their appellate rights before they may be pursued. *See Acad. of Country Music*, 991 F.3d at 1060 (on potential jurisdictional issues stemming from immediate remand transmittal). To be clear, the Court need *not* decide now whether/which avenues of appellate relief will later exist. It need only recognize that, since appellate relief might be available, the Defendants should have an opportunity to seek it *before* jurisdiction is relinquished in a potentially irreversible fashion.

## Conclusion

The Court should deny the motion to remand either (1) immediately, or (2) after jurisdictional discovery and further briefing on the results thereof.

July 17, 2024                          Respectfully submitted,

                                       /s/ Chad Flores
                                       By: Chad Flores (TX Bar. No 24059769)
                                       Flores Law PLLC
                                       917 Franklin Street
                                       Suite 600
                                       Houston, Texas 77002
                                       (713) 364-6640
                                       cf@chadflores.law

                                       John W. Dillon (CA Bar No. 296788)
                                       Dillon Law Group APC
                                       2647 Gateway Road
                                       Suite 105, No. 255
                                       Carlsbad, California 92009
                                       (760) 642-7150
                                       jdillon@dillonlawgp.com


                                       Attorneys for Defendants