Claudia G. Silva, County Counsel (SBN 167868)
By: John P. Cooley, Chief Deputy (SBN 162955)
Office of County Counsel, County of San Diego
1600 Pacific Highway, Room 355
San Diego, California 92101-2469
Telephone: (619) 531-4860
Email: john.cooley@sdcounty.ca.gov

*Attorneys for Plaintiff, THE PEOPLE OF THE STATE OF CALIFORNIA, acting by and through the County of San Diego*

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE OF THE STATE OF CALIFORNIA, <br><br> Plaintiff, <br><br> v. <br><br> COAST RUNNER INDUSTRIES, INC., GHOST GUNNER, INC., and DEFENSE DISTRIBUTED, <br><br> Defendants. | Case No. 3:24-cv-00971-AJB-SBC <br><br> **PLAINTIFF'S REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO REMAND ACTION TO STATE COURT** <br><br> Date:     October 17, 2024 <br> Time:     2:00 PM <br> Courtroom:  4A <br> Judge: Hon. Anthony J. Battaglia |

SULLIVAN & CROMWELL LLP

24-CV-00971-AJB-SBC

# TABLE OF CONTENTS

**Page**

I.    PRELIMINARY STATEMENT ......................................................................... 1

II.   DEFENDANTS DID NOT AND CANNOT CITE ANY VALID BASIS FOR REMOVAL.................................................................................................... 2

    A. Contrary to Defendants' Response, Defendants Were Required, and Failed To, Provide Plausible Factual Allegations to Support Federal Jurisdiction.................................................................................................... 2

    B. Defendants' Response Still Offers No Plausible, Non-Conclusory Allegations That Would Justify Federal Jurisdiction. ......................................................... 5

III.  DEFENDANTS' ALTERNATIVE ARGUMENTS—REGARDING AMENDMENT, DISCOVERY, AND ABEYANCE—ARE GROUNDLESS AND WOULD NEEDLESSLY DELAY RESOLUTION OF THIS CASE. ............................................................................................................ 7

IV.  CONCLUSION ............................................................................................... 9

SULLIVAN & CROMWELL LLP

24-CV-00971-AJB-SBC

<u>**TABLE OF AUTHORITIES**</u>

**Page(s)**

**Cases**

*Abrego Abrego* v. *The Dow Chem. Co.*,
　443 F.3d 676 (9th Cir. 2006) ..................................................................................................8

*Academy of Country Music* v. *Cont'l Cas. Co.*,
　991 F.3d 1059 (9th Cir. 2021) ................................................................................................3

*Corin* v. *Arkema, Inc.*,
　2024 WL 53005 (C.D. Cal. Jan. 4, 2024) ...............................................................................7

*Danelian* v. *FCA US LLC*,
　2020 WL 4697907 (C.D. Cal. Aug, 13, 2020) .........................................................................4

*Dart Cherokee Basin Operating Co., LLC* v. *Owens*,
　574 U.S. 81 (2014) ...................................................................................................................3

*Dep't of Fair Emp. & Hous.* v. *Lucent*,
　642 F.3d 728 (9th Cir. 2011) ..................................................................................................5

*Ehrman* v. *Cox Commc'n, Inc.*,
　932 F.3d 1223 (9th Cir. 2019) ................................................................................................3

*Friedman* v. *City of Highland Park, Ill.*,
　577 U.S. 1039 (2015)................................................................................................................8

*Ibarra* v. *Manheim Inv., Inc.*,
　775 F.3d 1193 (9th Cir. 2015) ................................................................................................3

*Leite* v. *Crane*,
　749 F.3d 1117 (9th Cir. 2014) ................................................................................................3

*Lin* v. *Amazon.com Sers. LLC*,
　2024 WL 2800985 (N.D. Cal. May 30, 2024)..........................................................................4

*Nevada* v. *Bank of Am. Corp.*,
　672 F.3d 661 (9th Cir. 2012) ..................................................................................................5

*Parker* v. *U.S. Bank Trust*,
　2020 WL 7479633 (C.D. Cal. Dec. 18, 2020)..........................................................................4

SULLIVAN &
CROMWELL LLP

24-CV-00971-AJB-SBC

*Sawyer* v. *IBEW Loc. 569*,
2021 WL 509024 (S.D. Cal. Feb. 11, 2021).............................................................. 7

*Ward-Howie* v. *Frontwave Credit Union*,
2022 WL 3274228 (S.D. Cal. Aug. 11, 2022)........................................................... 4

*Whitaker* v. *Tesla Motors, Inc.*,
985 F.3d 1173 (9th Cir. 2021) ................................................................................. 3

*Yamashita* v. *LG Chem, Ltd.*,
62 F.4th 496 (9th Cir. 2023) .................................................................................... 8

*Youngevity Int'l, Inc.* v. *Innov8tive Nutrition, Inc.*,
2024 WL 838707 (9th Cir. 2024). ............................................................................ 8

**Statutes**

28 U.S.C. § 1446(a) ......................................................................................................... 3

28 U.S.C. § 1447(d) ......................................................................................................... 9

SULLIVAN &
CROMWELL LLP

24-CV-00971-AJB-SBC

## I.   PRELIMINARY STATEMENT

The County of San Diego brought this action on behalf of the People of the State of California in California state court, pursuant to California state law, to stop Defendants from marketing and selling in California milling machines that manufacture untraceable "ghost guns."  Because the People of the State of California is the proper plaintiff under California law, and because there is no diversity jurisdiction when the plaintiff is the people of a state, there is no federal court jurisdiction.  Ignoring all this, and in an obvious attempt to delay resolution of this important case, Defendants filed a one-page notice of removal baldly asserting that one of the co-counsel for the People of California, Giffords Law Center to Prevent Gun Violence, is the real party in interest.  As the People explained in their motion to remand, Defendants' assertion is conclusory and lacks any support in precedent or plausible factual allegations, and the case should be remanded to California state court.

In opposing remand, Defendants double down on the bare assertion that the Court should somehow swap the actual party in this case for its counsel.  But Defendants still do not—and cannot—explain why or how Giffords Law Center is the real party in interest.  Defendants ignore the actual standard governing notices of removal and instead invent their own new, toothless standard.  According to Defendants, all they need to do is say that the plaintiff is not really the plaintiff and that jurisdiction exists, and that is enough to treat it as so.  That argument defies not just law, but common sense.  It is hard to imagine a notice of removal that would not meet Defendants' made-up standard, and, on the contrary, a removing party must provide plausible factual allegations to support federal jurisdiction.  Defendants have offered nothing close to such allegations here.

Tellingly, even with the opportunity to brief the adequacy of their notice of removal and to explain why and how Giffords Law Center is the real party in interest, all that Defendants can muster are generic public references to a "partnership" between the County of San Diego and Giffords Law Center, and Defendants' contention that Giffords Law Center is engaged in a "litigation campaign" against them.  As discussed below,

-1-

SULLIVAN & CROMWELL LLP

24-cv-00971-AJB-SBC

Defendants badly misrepresent even these meager allegations.  In any event, serving as co-counsel in a particular case, or serving as counsel in other cases, does not transform legal counsel into the real party in interest.  Defendants cite no case that would endorse such a radical proposition.  Worse, Defendants cannot dispute that the People are the only party statutorily authorized by California state law to bring this action, such that it makes no sense to assert that anyone other than the People is the plaintiff here.

With no basis to avoid remand, Defendants play for time, requesting that the Court first grant leave for them to amend their Notice of Removal, permit jurisdictional discovery, and/or hold a decision to remand in abeyance.  These requests are part of a clear dilatory strategy to prolong the federal court proceedings and delay the ultimate resolution of this case.  They are also groundless.  Defendants cite nothing in their briefing that would render amendment non-futile.  They do not identify any jurisdictional discovery that could possibly change the outcome, and ignore the well-established rule that plausible factual allegations are required before obtaining such discovery.  And they identify no basis to depart from the well-established rule that remand orders end proceedings in federal court, and allow the case to continue immediately in state court.  Defendants' frivolous attempt to manufacture federal jurisdiction has already caused enough delay, and the case should be remanded immediately to be litigated on the merits in the only proper forum.

## II.   DEFENDANTS DID NOT AND CANNOT CITE ANY VALID BASIS FOR REMOVAL.

### A.   Contrary to Defendants' Response, Defendants Were Required, and Failed To, Provide Plausible Factual Allegations to Support Federal Jurisdiction.

Defendants' primary argument is that "[t]he bar is low" for a notice of removal, such that their one-sentence say-so that the People's co-counsel is the real party in interest suffices.  (Response at 2.)  As Defendants put it, their "notice of removal need only have stated *that* the real plaintiff in interest is the Giffords Law Center to Prevent Gun Violence" and they need not even "state" "why or how that is so."  (*Id.* at 4

-2-

24-cv-00971-AJB-SBC

(emphasis in original).)  To get to that surprising conclusion, Defendants repeatedly emphasize that the removal statute requires only a "short and plain statement of the grounds for removal."    28 U.S.C. § 1446(a).  Defendants ignore that this language is borrowed from Federal Rule of Civil Procedure 8(a)(1), which governs complaints.  *See Ehrman* v. *Cox Commc'n, Inc.*, 932 F.3d 1223, 1227 (9th Cir. 2019) ("Congress . . . borrow[ed] the familiar 'short and plain statement' standard" in 28 U.S.C. § 1446(a) "from Rule 8(a)") (citation omitted).  In that context, it is well-established law that the pleading standard under Rule 8 requires "well-pleaded facts, not legal conclusions," that "plausibly give rise to an entitlement to relief."  *Whitaker* v. *Tesla Motors, Inc.*, 985 F.3d 1173, 1176 (9th Cir. 2021) (quoting *Ashcroft* v. *Iqbal*, 556 U.S. 662, 679 (2009)).  The same is true for Defendants' notice of removal:  plausible factual allegations are required and conclusory statements are not enough.  As the Ninth Circuit explained, "a defendant seeking to remove an action may not offer mere legal conclusions; it must allege the underlying facts supporting each of the requirements for removal jurisdiction."  *Leite* v. *Crane*, 749 F.3d 1117, 1122 (9th Cir. 2014); *see also Ibarra* v. *Manheim Inv., Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015) ("a defendant cannot establish removal jurisdiction by mere speculation and conjecture, with unreasonable assumptions").

To support their new, made-up standard—under which their bare statement that Giffords Law Center is really the plaintiff is alone enough—Defendants rely on *Dart Cherokee Basin Operating Co., LLC* v. *Owens* and *Academy of Country Music* v. *Cont'l Cas. Co.*  (Response at 4.)  These two cases discuss the amount-in-controversy requirement for diversity jurisdiction, and confirm only that Defendants needed to provide plausible factual allegations, not conclusory assertions, as to that requirement.  *See Dart Cherokee*, 574 U.S. 81, 87, 89 (2014) (noting that notice of removal standard "tracks the general pleading requirement stated in Rule 8(a)," and requiring "a *plausible* allegation that the amount in controversy exceeds the jurisdictional threshold") (emphasis added); *Academy of Country Music*, 991 F.3d 1059, 1069 (9th Cir. 2021) (holding that district court "erred as a matter of law in requiring that the notice of removal 'prove'

-3-

SULLIVAN &
CROMWELL LLP

24-CV-00971-AJB-SBC

subject matter jurisdiction," but nevertheless requiring "plausible allegations concerning the amount in controversy").  These cases certainly do not stand for the remarkable proposition that defendants can create federal jurisdiction by merely stating (without even explaining "why or how" (Response at 4)) that the plaintiff's counsel or some other non-party is the actual party-in-interest.

Indeed, if Defendants were right about the standard, and a conclusory assertion regarding federal jurisdiction were enough, it is hard to imagine that any notice of removal could ever fail to clear it.  It is telling then that courts in this Circuit frequently grant motions to remand where the notice of removal contains conclusory allegations similar to those here.  For example, in *Lin* v. *Amazon.com Servs. LLC*, the defendant simply stated in its notice of removal that its principal place of business was located in Seattle, Washington.  2024 WL 2800985, at *4 (N.D. Cal. May 30, 2024).  The Court remanded the action to Santa Clara Superior Court, finding that the defendant's "single conclusory allegation" in the notice of removal was "not sufficient to carry its burden of demonstrating that subject matter jurisdiction exists."  *Id.*  Similarly, in *Blackburn* v. *FCA US, LLC*, the plaintiff moved to remand the action to San Diego Superior Court, arguing that the removing defendant had failed to establish that diversity jurisdiction existed.  2016 WL 4191049, at *1 (S.D. Cal. Aug. 8, 2016) (Battaglia, J.).  This Court granted the motion to remand because the defendant's allegations regarding the amount in controversy were "conclusory."  *Id.* at *2; *see also Danelian* v. *FCA US LLC*, 2020 WL 4697907, at *2-*3 (C.D. Cal. Aug, 13, 2020) (granting motion to remand action to state court where defendants' arguments were "implausible"); *Ward-Howie* v. *Frontwave Credit Union*, 2022 WL 3274228, at *3-*4 (S.D. Cal. Aug. 11, 2022) (same); *Parker* v. *U.S. Bank Trust*, 2020 WL 7479633, at *3 (C.D. Cal. Dec. 18, 2020) (remanding action and finding that notice of removal was "deficient" because it relied on a "conclusory, implausible allegation").

Evaluated under the proper standard, Defendants' notice of removal cannot pass muster.  Defendants' notice alleges in entirely conclusory and implausible fashion, with

-4-

no supporting factual allegations, that "this action's real plaintiff in interest is the Giffords Law Center to Prevent Gun Violence, which is a citizen of the State of California." (Notice at 2.)  The Notice also cites two cases, without explanation, but as the People explained (*id.*), those cases actually make clear that actions are properly brought on behalf of the People and not subject to diversity jurisdiction.  (*See* Motion at 4-5.)  Indeed, the two cases foreclose Defendants' argument, because they confirm that when, as here, county counsel acts pursuant to statutory authority to seek relief in the name of the people of the State of California, and is not seeking relief for only a specific individual, there is no diversity jurisdiction.  (*See id.* (discussing *Nevada* v. *Bank of Am. Corp.*, 672 F.3d 661, 671 (9th Cir. 2012) and *Dep't of Fair Emp. & Hous.* v. *Lucent*, 642 F.3d 728, 740 (9th Cir. 2011)).)  Defendants offer no plausible, non-conclusory allegations to support their theory that co-counsel is the real party in interest.  To the contrary, the County of San Diego is acting through its explicit statutory authority to sue on behalf of the People of the State of California, to protect the public safety of the People of California and to enforce the duly enacted laws of California.

**B.     Defendants' Response Still Offers No Plausible, Non-Conclusory Allegations That Would Justify Federal Jurisdiction.**

In their briefing, Defendants double down on the accusation that Giffords Law Center is the real party in interest.  Defendants' new assertions, however, remain conclusory and implausible, and thus inadequate to plead diversity jurisdiction.

*First*, Defendants point to statements regarding a "partnership" between the counsel for the People or between the County of San Diego and Giffords Law Center.[1] These same statements make clear that the lawsuit is brought by "San Diego County" "on behalf of the People of California" (Response Ex. 1 at 1) and was a "direct result of a policy led and passed by [a] San Diego County Supervisor" (Response Ex. 2 at 2).

[1] *See, e.g.*, Response Ex. 1 at 1 (Giffords Law Center press release stating:  "We're proud to have partnered with San Diego County and Sullivan & Cromwell LLP to stop these reckless companies from selling their product that will endanger the lives of Californians"); Response Ex. 2 at 1 ("The County of San Diego and national gun safety group GIFFORDS Law Center have partnered on a lawsuit against Defense Distributed who sells its gun manufacturing device illegally in California.").

-5-

Regardless, in every case, a client works together with its counsel, and co-counsel work together, to achieve a desired result. That obvious reality does not somehow swap the party with its counsel, and Defendants do not even try to explain why such an unprecedented swap is appropriate here.

*Second*, Defendants assert that Giffords Law Center "is engaged in a long-term litigation campaign that is expressly targeted" at Defendants. (Response at 8.) In doing so, Defendants blatantly misrepresent the other litigations they cite.[2] Regardless, Defendants' argument indicates only that Giffords Law Center has been involved as counsel or *amicus* in other cases involving "ghost guns," which has no bearing on whether the plaintiff here is not the real party in interest. Indeed, under Defendants' logic, if a law firm is sometimes involved in repeat litigation as counsel or *amicus* against a particular industry, that law firm would magically become the real party in interest for future cases involving that industry. That makes no sense.

*Finally*, Defendants assert in a footnote that "San Diego County has no real concrete stake in this litigation" because the suit does not allege "that any defendant ever sold a Coast Runner CNC machine to anyone in San Diego." (Response at 9, n.2.) That issue goes to the merits of this case, not jurisdiction. Based on extensive publicly available evidence, the People allege that Defendants created the Coast Runner specifically to sell to California consumers. (*See* ECF No. 1-8 at ¶ 34.) The People seek prospective, injunctive relief to block Defendants from selling the Coast Runner in the state. (*See* Mot. to Remand at 2.) If it is ultimately proven that, contrary to that extensive

---

[2] Defendants say that "Giffords just got done suing Defense Distributed in another major case about so-called 'ghost guns'" (Response at 9), but, as their own exhibit confirms, that case did not even involve any of the Defendants in this case (Response Ex. 4 (referring only to three other "major ghost gun retailers")). Defendants also say that Giffords Law Center "supported litigation" against Defense Distributed, but rely for that point on Giffords Law Center press releases merely applauding decisions in cases in which Giffords Law Center was not involved as a party, counsel, or otherwise. (Response at 9 & Exs. 5, 6.) The only thing Defendants get right in their recitation is that Gun Owners for Safety, a group associated with Giffords Law Center, filed *amicus* briefs in a Supreme Court and Fifth Circuit appeals involving Defense Distributed. (Response at 9.) Defendants do not even attempt to explain why acting as *amici* in other cases involving different issues makes Giffords Law Center the real party in interest here.

-6-

evidence, Defendants never marketed or sold the Coast Runner in California and do not intend to do so, that may determine the case on the merits, but that is not a reason to ignore the actual plaintiff in this case for jurisdictional purposes.

## III.   DEFENDANTS' ALTERNATIVE ARGUMENTS—REGARDING AMENDMENT, DISCOVERY, AND ABEYANCE—ARE GROUNDLESS AND WOULD NEEDLESSLY DELAY RESOLUTION OF THIS CASE.

With no basis for federal jurisdiction, Defendants offer up three options for further delay: (i) leave for them to amend their notice of removal and thereby restart briefing on the motion to remand, (ii) jurisdictional discovery for them to come up with a plausible allegation to support federal jurisdiction, and/or (iii) holding a decision to remand in abeyance to allow for appeal.  All three of these arguments should be seen as the dilatory tactics that they are, particularly given that Defendants' borderline frivolous notice of removal has already cost valuable time in litigating this case.  Regardless, all three arguments are groundless and should be rejected.

*First*, the Court should reject Defendants' cursory request for leave to amend their notice of removal.  "Courts in the Ninth Circuit hold that notices of removal similar to [the defendant's] Notice—devoid of essential factual allegations—are so substantively defective that any amendment would not go to form, but to substance," such that leave to amend should be denied as "futile." *C**orin* v. *Arkema, Inc.*, 2024 WL 53005, at *3 (C.D. Cal. Jan. 4, 2024) (denying leave to amend notice of removal).[3]  Worse, despite having another chance in their Response to the People's Motion to Remand to explain what factual allegations they can adduce in an amended notice that would meet the plausibility standard, Defendants cite none.  Thus, "any attempt would be futile on the facts alleged." *Sawyer* v. *IBEW Loc. 569*, 2021 WL 509024, at *2 (S.D. Cal. Feb. 11,

---

[3] The court in *Corin* also noted that, "[t]ypically, defendants file a formal motion to amend a notice of removal, supporting it with a copy of the proposed amendments," and that where defendants' "request [for leave to amend] compromises a single sentence in the Opposition brief," it is likely improper. *Id.* at *2.  The same is true here, where Local Civil Rule 15.1 requires a motion to amend a pleading to be "accompanied by: (1) a copy of the proposed amended pleading, and (2) a version of the proposed amended pleading that shows---through redlining, underlining, strikeouts, or other similarly effective typographic methods---how the proposed amended pleading differs from the operative pleading."

-7-

2021) (denying motion for leave to amend notice of removal where defendants' briefing did not address plaintiff's arguments for why remand was proper).

*Second*, Defendants contend that "Defendants are entitled to conduct jurisdictional discovery." (Response at 6.)  As with amendment, Defendants do not even attempt to explain what that discovery would consist of and how it could provide factual allegations that would dislodge the only statutorily authorized plaintiff—the People—from a case only they could bring under California state law.  Under these circumstances, jurisdictional discovery would be nothing more than a fishing expedition, the type which courts have routinely rejected.  *See Yamashita* v. *LG Chem, Ltd.*, 62 F.4th 496, 508 (9th Cir. 2023) (affirming denial of jurisdictional discovery where such discovery "would be little more than a fishing expedition seeking support for jurisdictional theories one of which is farfetched"); *Abrego Abrego* v. *The Dow Chem. Co.*, 443 F.3d 676, 692 (9th Cir. 2006) (affirming remand order and noting that the "principles regarding post-removal jurisdictional discovery" include "the disinclination to entertain 'substantial, burdensome discovery on jurisdictional issues'") (citation omitted).[4]  And the consequences of Defendants' argument, if accepted, would be staggering:  defendants would be able to remove to federal court, and obtain onerous jurisdictional discovery in that court, in just about any case properly litigated in state court, merely by stating that the plaintiff's counsel (or some other non-party) was the real party in interest.  For good and obvious reasons, there is no precedent for that argument.

---

[4] Defendants argue that *Youngevity Int'l, Inc.* v. *Innov8tive Nutrition, Inc.* is "on all fours" and "squarely upholds the right to jurisdictional discovery on analogous facts." (Response at 6.)  *Youngevity* did not involve remand or subject matter jurisdiction at all, and permitted jurisdictional discovery on a possible alter ego or agency relationship between two defendants, for purposes of deciding personal jurisdiction, only because the party seeking discovery had already "pled some facts supporting an alter ego finding, such as [one defendant's] majority ownership over [the other], shared offices and employees, a shared sole director, and the existence of a services agreement whereby [one defendant] provides management, consulting, accounting, and administrative services [to the other]." 2024 WL 838707, at *2 (9th Cir. 2024).  Defendants have pled nothing close to that here, and instead seek jurisdictional discovery only on the basis of conclusory assertions.  Defendants also bizarrely cite a dissent from a denial of certiorari in *Friedman* v. *City of Highland Park, Ill.*, 577 U.S. 1039 (2015) (Response at 10), a case that involved firearms but otherwise had no connection whatsoever to this one or the question of jurisdiction.

-8-

*Third*, as a "final alternative," Defendants request that, should the Court grant the People's motion to remand, the Court "hold the decision in abeyance for 21 days to ensure that Defendants' do not lose their appellate rights before they may be pursued." (Response at 10.)  That unorthodox ask ignores the rule that an order granting a motion to remand is not appealable, subject only to certain exceptions which do not apply here. 28 U.S.C. § 1447(d) ("An order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise").  Defendants cite no reason to depart from the rule here, and there is none.  On the contrary, it is critically important that this case—brought in the name of the People of California to protect the public safety of its citizens and to enforce its duly-enacted gun violence prevention laws—be litigated as soon as possible in the proper venue in California state court.

## IV.   CONCLUSION

For the foregoing reasons and those in the People's Motion to Remand, the People respectfully request that the Court grant the motion and remand this action to the San Diego Superior Court.

Dated:  July 23, 2024                    CLAUDIA G. SILVA, County Counsel

/s/ John P. Cooley

By: JOHN P. COOLEY, Chief Deputy
(SBN 162955)
Office of County Counsel, County of San Diego
1600 Pacific Highway, Room 355
San Diego, California 92101-2469
Telephone:  (619) 531-4860
Facsimile:   (619) 531-6005
E-mail: john.cooley@sdcounty.ca.gov

ESTHER SANCHEZ-GOMEZ (SBN 330408)
E-mail:  esanchezgomez@giffords.org
GIFFORDS LAW CENTER TO PREVENT GUN VIOLENCE
268 Bush St. # 555
San Francisco, CA 94104
Telephone:  (415) 433-2062
Facsimile:   (415) 433-3357

-9-

SULLIVAN &
CROMWELL LLP

24-CV-00971-AJB-SBC

ROBERT A. SACKS (SBN 150146)
E-mail:  sacksr@sullcrom.com
ALEXA M. COVER (SBN 317068)
E-mail:  covera@sullcrom.com
SULLIVAN & CROMWELL LLP
1888 Century Park East
Los Angeles, California 90067
Telephone:  (310) 712-6600
Facsimile:  (310) 712-8800

*Attorneys for Plaintiff, THE PEOPLE OF THE STATE OF CALIFORNIA, acting by and through the County of San Diego*

-10-

SULLIVAN & CROMWELL LLP